UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FARM WORKERS, *et al.*, | Civil Case No.: 1:25-cv-01614-KES-SKO |
|     Plaintiffs, | **DECLARATION OF AARON GRIMALDO** |
|     v. | |
| THE UNITED STATES DEPARTMENT OF LABOR; | |
| LORI CHAVEZ-DEREMER, in her official capacity as Secretary of Labor; | |
| LORI FRAZIER BEARDEN, in her official capacity as Acting Assistant Secretary for Employment and Training | |
|     Defendants | |

**DECLARATION OF AARON GRIMALDO**

I, Aaron Grimaldo, declare as follows:

1. I am a U.S. citizen and have worked as a farmworker for 12 years.

2. I have worked in picking potatoes and tractor driving, transporting produce from the field to warehouses for the last four years.

3. I have generally worked over 10-12 hours a day, often in cold, 25-30 degrees Fahrenheit weather.

4. I currently live and work in Weslaco, Texas but have also traveled to (and temporarily resided in) Wisconsin, Minnesota, Michigan, and Texas for farmworker positions. One employer provided housing but another did not in Michigan. My employer in Wisconsin and Minnesota provided housing. When I traveled to Michigan for work, I was still paying for my housing in my residence in Texas.

DECLARATION OF AARON GRIMALDO

5. My last employer, in Michigan, promised me an hourly wage of $20 but only gave me $17.50. This employer didn't keep his word about providing housing and reduced by hourly wage by charging me for transportation from where I was staying to the workplace.

6. Under the Interim Final Rule ("IFR"), the Adverse Effect Wage Rate ("AEWR") applicable to my last job would have been $13.78, which is a cut of 21.2% to the wage that I last received, a 31.1% cut of what my last employer offered me, and a cut of 24% to the AEWR.

7. I anticipate continuing to seek employment as a farmworker, and I have been, and will continue to be, willing to travel to different States for work, including in Wisconsin, Minnesota, and Michigan.

8. I have worked with H-2A workers and have held positions that often are filled by H-2A workers. In the future, I anticipate seeking positions that could likewise potentially be filled by H-2A workers like tractor driver positions.

9. I anticipate continuing to seek positions where I would be a tractor driver and picker. Prior to the IFR,[1] the AEWR applicable to those roles would have been $18.15, but under the IFR, the AEWRs would be $13.78.

10. The anticipated cuts to my wages due to the IFR will substantially and irreparably harm me and my family. Those wage cuts will negatively impact my ability to pay for food, housing, and transportation in several of the states where I would potentially work. Those wage cuts would also impact my ability to cover living expenses and expenses related to health care and my children's education. Wage cuts would limit my ability to afford food and housing, including cutting down in weekly groceries for me and my family and forcing us to move. The resulting

---

[1] 90 Fed. Reg. 47914 (Oct. 2, 2025).

DECLARATION OF AARON GRIMALDO

harms to my family's health and safety cannot be remedied by an injunction against the IFR that comes only on a final judgment entered many months from now.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 18, 2025, in Weslaco, Texas.

/s/ *Aaron Grimaldo*

---

DECLARATION OF AARON GRIMALDO