# Exhibit 1

OMB Approval: 1205-0562
Expiration Date: 10/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

### A. Job Offer Information

**1. Job Title \*** Packers and Packagers, Hand

| 2. Workers Needed \* | a. Total | b. H-2A Workers | **Period of Intended Employment** | |
|---|---|---|---|---|
| | 1 | 1 | 3. First Date \* 12/24/2025 | 4. Last Date \* 3/1/2026 |

| 5. Will this job generally require the worker to be on-call 24 hours a day and 7 days a week? \* If "Yes", proceed to question 8. If "No", complete questions 6 and 7 below. | ☐ Yes ☑ No |
|---|---|

**6. Anticipated days and hours of work per week** *(an entry is required for each box below)* \*

| 66 | **a. Total Hours** 10 | c. Monday 10 | e. Wednesday 10 | g. Friday |
|---|---|---|---|---|
| 8 | b. Sunday 10 | d. Tuesday 10 | f. Thursday 8 | h. Saturday |

**7. Hourly Work Schedule \***
a. 7 : 00 ☑ AM ☐ PM
b. 6 : 00 ☐ AM ☑ PM

**Temporary Agricultural Services and Wage Offer Information**

**8a. Job Duties** - Description of the specific services or labor to be performed. \*
*(Please begin response on this form and use Addendum C if additional space is needed.)*

AEWR; US Workers: IN: $14.93; H2A Workers: IN: $13.66.
Examine containers, treatment materials, and products to ensure that crop quality and packing specifications are met; Record product, packaging, and order information on specified forms and records; Seal bags; Mark and label containers, container tags, or products, using marking tools; Remove completed or defective products or materials, placing them on moving equipment, such as conveyors, or in specified areas, such as loading docks; Place or pour products or materials such as seed treatment into containers from spouts or chutes; Ensure sufficient mixing for complete seed coverage; Load materials and products into package processing equipment. Deliveries and maintenance on building and equipment. Must speak and understand English.

| 8b. Wage Offer \* | 8c. Per \* | 8d. Piece Rate Offer § | 8e. Piece Rate Units / Estimated Hourly Rate / Special Pay Information § |
|---|---|---|---|
| $ 14 . 93 | ☑ HOUR ☐ MONTH | $ ___.___ | |

| 9. Is a completed **Addendum A** providing additional information on the crops or agricultural activities to be performed and wage offers attached to this job offer? \* | ☐ Yes ☑ N/A |
|---|---|

10. Frequency of Pay: \*  ☑ Weekly   ☐ Biweekly   ☐ Other (specify): N/A

11. State all deduction(s) from pay and, if known, the amount(s). \*
*(Please begin response on this form and use Addendum C if additional space is needed.)*
See ADD C

**Form ETA-790A** | **FOR DEPARTMENT OF LABOR USE ONLY** | Page 1 of 8

H-2A Case Number: H-300-25305-354421   Case Status: Full Certification   Determination Date: 11/13/2025   Validity Period: _____ to _____

OMB Approval: 1205-0562
Expiration Date: 10/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

## B. Minimum Job Qualifications/Requirements

1. Education: minimum U.S. diploma/degree required. *

☑ None  ☐ High School/GED  ☐ Associate's  ☐ Bachelor's  ☐ Master's or higher  ☐ Other degree (JD, MD, etc.)

| 2. Work Experience: number of <u>months</u> required. * | 1 | 3. Training: number of <u>months</u> required. * | 0 |
|---|---|---|---|

4. Basic Job Requirements (check all that apply) §

☑ a. Certification/license requirements          ☑ f. Exposure to extreme temperatures
☑ b. Driver requirements                          ☑ g. Extensive pushing or pulling
☐ c. Criminal background check                    ☑ h. Extensive sitting or walking
☑ d. Drug screen                                  ☑ i. Frequent stooping or bending over
☑ e. Lifting requirement  50  lbs.                ☑ j. Repetitive movements

| 5a. Supervision: does this position supervise the work of other employees? * | ☐ Yes  ☑ No | 5b. If "Yes" to question 5a, enter the number of employees worker will supervise. § | |
|---|---|---|---|

6. Additional Information Regarding Job Qualifications/Requirements. *

*(Please begin response on this form and use Addendum C if additional space is needed. If no additional skills or requirements, enter "NONE" below)*

One (1) month recent and verifiable experience required for the job duties listed. Must be able to obtain following hire appropriate CDL and obtain clean driving record to drive trucks.  Be able to lift up to 50 lbs.  Once hired, worker may be required to take a random drug test at no cost to the worker. Testing positive for an illegal/controlled substance or failure to comply may result in immediate termination from employment.

## C. Place of Employment Information

| 1. Place of Employment Address/Location * |
|---|
| 9900 West Maple |

| 2. City * | 3. State * | 4. Postal Code * | 5. County * |
|---|---|---|---|
| Orland | Indiana | 46776 | Steuben County |

6. Additional Place of Employment Information. *(If no additional information, enter "NONE" below)* *

None

| 7. Is a completed **Addendum B** providing additional information on the places of employment and/or agricultural businesses who will employ workers, or to whom the employer will be providing workers, attached to this job order? * | ☑ Yes  ☐ N/A |
|---|---|

## D. Housing Information

| 1. Housing Address/Location * |
|---|
| 6825 N 375 E |

| 2. City * | 3. State * | 4. Postal Code * | 5. County * |
|---|---|---|---|
| Howe | Indiana | 46746 | Lagrange County |

| 6. Type of Housing *(check only one)* *  ☑ Employer-provided (including mobile or range)  ☐ Rental or public | 7. Total Units * 1 | 8. Total Occupancy * 4 |
|---|---|---|

9. Identify the entity that determined the housing met all applicable standards: *

☐ Local authority   ☑ SWA   ☐ Other State authority   ☐ Federal authority   ☐ Other (specify): _____

10. Additional Housing Information. *(If no additional information, enter "NONE" below)* *

None

| 11. Is a completed **Addendum B** providing additional information on housing that will be provided to workers attached to this job order? * | ☐ Yes  ☑ N/A |
|---|---|

H-2A Case Number:  H-300-25305-354421      Case Status: Full Certification      Determination Date: 11/13/2025      Validity Period: _____ to _____

OMB Approval: 1205-0562
Expiration Date: 10/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

---

**E.  Provision of Meals**

1.  Describe <u>how</u> the employer will provide each worker with three meals per day or furnish free and convenient cooking and kitchen facilities. *
    *(Please begin response on this form and use Addendum C if additional space is needed.)*

Employer will furnish free and convenient cooking and kitchen facilities, all of which are in working order, including refrigeration, space for food preparation, cooking accessories and utensils, appliances, and dishwashing facilities so that workers may prepare their own meals. Kitchen facilities include adequate sinks with hot and cold water under pressure. Employer will provide transportation once a week to assure workers access to stores where they can purchase groceries, when the employer is providing cooking and kitchen facilities.

| 2.  The employer: * | ☑  **WILL NOT** charge workers for meals. | | |
|---|---|---|---|
| | ❑  **WILL** charge each worker for meals at | **$ _____ . _____** | per day, if meals are provided. |

**F.  Transportation and Daily Subsistence**

1.  Describe the terms and arrangements for daily transportation the employer will provide to workers. *
    *(Please begin response on this form and use Addendum C if additional space is needed.)*
    See ADD C

2.  Describe the terms and arrangements for providing workers with transportation (a) to the place of employment
    (*i.e.*, inbound) and (b) from the place of employment (*i.e.*, outbound). *
    *(Please begin response on this form and use Addendum C if additional space is needed.)*
    See ADD C

| 3.  During the travel described in Item 2, the employer will pay for or reimburse daily meals by providing each worker * | a.  no less than | **$ 16 . 28** | per day * |
|---|---|---|---|
| | b.  no more than | **$ 68 . 00** | per day with receipts |

**G.  Referral and Hiring Instructions**

---

**FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-25305-354421   Case Status: Full Certification   Determination Date: 11/13/2025   Validity Period: _____ to _____

OMB Approval: 1205-0502
Expiration Date: 10/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

---

1. Explain <u>how</u> prospective applicants may be considered for employment under this job order, including verifiable contact information for the employer (or the employer's authorized hiring representative), methods of contact, and the days and hours applicants will be considered for the job opportunity. *
   *(Please begin response on this form and use Addendum C if additional space is needed.)*

Please contact the employer point of contact listed on Form ETA-790 Section II. Box 4. at the phone number found at Section G Box 2. Potential U.S. workers (referrals) will be accepted from the local Job Service Office, through word-of-mouth, gate hires (walk-up workers), and other sources. All applicants should be thoroughly familiarized with the job specifications and terms and conditions of employment on the job order. Only workers meeting all qualifications of the job order should be referred by the Job Service Office. In the event the employer receives phone calls or walk-up workers interested in the job offer, the employer must inform the worker of the job requirements and duties, must consider the worker for the job based on the workers qualifications, and must report the results in the final recruitment report submitted to the U.S. Department of Labor. The employer may utilize various delivery methods for contact through mail, email, phone, website, and in the event that any delivery method is not functioning and you've utilized all contact methods, please contact the State Workforce Agency (SWA) for further assistance. The best day/time to contact the employer is Monday-Friday 9:00 a.m. to 4:00 p.m.

| 2. Telephone Number to Apply * | 3. Extension § | 4. Email Address to Apply * |
|---|---|---|
| +1 (580) 744-4031 | 1364 | N/A |

| 5. Website Address (URL) to Apply * |
|---|
| https://agriplacements.clevyr.com/llt-group/jobs/8432 |

## H. Additional Material Terms and Conditions of the Job Offer

| 1. Is a completed **Addendum C** providing additional information about the material terms, conditions, and benefits (monetary and non-monetary) that will be provided by the employer attached to this job order? * | ☑ Yes ☐ No |
|---|---|

## I. Conditions of Employment and Assurances for H-2A Agricultural Clearance Orders

By virtue of my signature below, I **HEREBY CERTIFY** my knowledge of and compliance with applicable Federal, State, and local employment-related laws and regulations, including employment-related health and safety laws, and certify the following conditions of employment:

1. **JOB OPPORTUNITY**: Employer assures that the job opportunity identified in this clearance order (hereinafter also referred to as the "job order") is a full-time temporary position being placed with the SWA in connection with an *H-2A Application for Temporary Employment Certification* for H-2A workers and this clearance order satisfies the requirements for agricultural clearance orders in 20 CFR part 653, subpart F and the requirements set forth in 20 CFR 655, subpart B. This job opportunity offers U.S. workers no less than the same benefits, wages, and working conditions that the employer is offering, intends to offer, or will provide to H-2A workers and complies with the requirements at 20 CFR part 655, subpart B. The job opportunity is open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship.

2. **NO STRIKE, LOCKOUT, OR WORK STOPPAGE**: Employer assures that this job opportunity, including all places of employment for which the employer is requesting temporary agricultural labor certification does not currently have workers on strike or being locked out in the course of a labor dispute. 20 CFR 655.135(b).

3. **HOUSING FOR WORKERS**: Employer agrees to provide or secure housing for the H-2A workers and those workers in corresponding employment who are not reasonably able to return to their residence at the end of the work day. That housing complies with the applicable local, State, and/or Federal standards and is sufficient to house the specified number of workers requested through the clearance system. The employer will provide the housing without charge to the worker. Any charges for rental housing will be paid directly by the employer to the owner or operator of the housing. If public accommodations or public housing are provided to workers, the employer agrees to pay all housing-related charges directly to the housing's management. The employer agrees that charges in the form of deposits for bedding or other similar incidentals related to housing (e.g., utilities) must not be levied upon workers. However, the employer may require workers to reimburse them for damage caused to housing by the individual worker(s) found to have been responsible for damage which is not the result of normal wear and tear related to habitation. When it is the prevailing practice in the area of intended employment and the occupation to provide family housing, the employer agrees to provide family housing at no cost to workers with families who request it. 20 CFR 655.122(d), 653.501(c)(3)(vi).

   *Request for Conditional Access to Intrastate or Interstate Clearance System*: Employer assures that the housing disclosed on this clearance order will be in full compliance with all applicable local, State, and/or Federal standards at least 20 calendar days before the housing is to be occupied. 20 CFR 653.502(a)(3). The Certifying Officer will not certify the application until the employer provides evidence that housing has been inspected and approved or, in the case of rental or public accommodations, is otherwise in full compliance.

4. **WORKERS' COMPENSATION COVERAGE**: Employer agrees to provide workers' compensation insurance coverage in compliance with State law covering injury and disease arising out of and in the course of the worker's employment. If the type of employment for which the certification is sought is not covered by or is exempt from the State's workers' compensation law, the employer agrees to provide, at no cost to the worker, insurance covering injury and disease arising out of and in the course of the worker's employment that will provide benefits at least equal to those provided under the State workers' compensation law for other comparable employment. 20 CFR 655.122(e).

5. **EMPLOYER-PROVIDED TOOLS AND EQUIPMENT**: Employer agrees to provide to the worker, without charge or deposit charge, all tools, supplies, and equipment required to perform the duties assigned. 20 CFR 655.122(f), .210(d), or .302(c).

---

H-2A Case Number: H-300-25305-354421    Case Status: Full Certification    Determination Date: 11/13/2025    Validity Period: _____ to _____

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

6. **MEALS**: Employer agrees to provide each worker with three meals a day or furnish free and convenient cooking and kitchen facilities to the workers that will enable the workers to prepare their own meals. Where the employer provides the meals, the job offer will state the charge, if any, to the worker for such meals. The amount of meal charges is governed by 20 CFR 655.173. 20 CFR 655.122(g). When a charge or deduction for the cost of meals would bring the worker's wage below the minimum wage set by the FLSA at 29 U.S.C. 206, the charge or deduction must meet the requirements of 29 U.S.C. 203(m) of the FLSA, including the recordkeeping requirements found at 29 CFR 516.27.

For workers engaged in the herding or production of livestock on the range, the employer agrees to provide each worker, without charge or deposit charge, (1) either three sufficient meals a day, or free and convenient cooking facilities and adequate provision of food to enable the worker to prepare his own meals. To be sufficient or adequate, the meals or food provided must include a daily source of protein, vitamins, and minerals; and (2) adequate potable water, or water that can be easily rendered potable and the means to do so. 20 CFR 655.210(e).

7. **TRANSPORTATION AND DAILY SUBSISTENCE**: Employer agrees to provide the following transportation and daily subsistence benefits to eligible workers.

   A. *Transportation to Place of Employment (Inbound)*

   If the worker completes 50 percent of the work contract period, and the employer did not directly provide such transportation or subsistence or otherwise has not yet paid the worker for such transportation or subsistence costs, the employer agrees to reimburse the worker for reasonable costs incurred by the worker for transportation and daily subsistence from the place from which the worker came to work for the employer to the employer's place of employment, whether in the U.S. or abroad. The amount of the transportation payment must be no less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved. The amount the employer will pay for daily subsistence expenses are those amounts disclosed in this clearance order, which are at least as much as the employer would charge the worker for providing the worker with three meals a day during employment (if applicable), but in no event will be less than the amount permitted under 20 CFR 655.173(a). The employer understands that the Fair Labor Standards Act applies independently of the H-2A requirements and imposes obligations on employers regarding payment of wages. 20 CFR 655.122(h)(1).

   B. *Transportation from Place of Employment (Outbound)*

   If the worker completes the work contract period, or is terminated without cause, and the worker has no immediate subsequent H-2A employment, the employer agrees to provide or pay for the worker's transportation and daily subsistence from the place of employment to the place from which the worker, disregarding intervening employment, departed to work for the employer. Return transportation will not be provided to workers who voluntarily abandon employment before the end of the work contract period, or who are terminated for cause, if the employer follows the notification requirements in 20 CFR 655.122(n).

   If the worker has contracted with a subsequent employer who has not agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's place of employment to such subsequent employer's place of employment, the employer must provide for such expenses. If the worker has contracted with a subsequent employer who has agreed in such work contract to provide or pay for the worker's transportation and daily subsistence expenses from the employer's place of employment to such subsequent employer's place of employment, the subsequent employer must provide or pay for such expenses.

   The employer is not relieved of its obligation to provide or pay for return transportation and subsistence if an H-2A worker is displaced as a result of the employer's compliance with the employer's obligation to hire U.S. workers who apply or are referred after the employer's date of need during the recruitment period set out in 20 CFR 655.135(d). 20 CFR 655.122(h)(2).

   C. *Daily Transportation*

   Employer agrees to provide transportation between housing provided or secured by the employer and the employer's place(s) of employment at no cost to the worker. 20 CFR 655.122(h)(3).

   D. *Compliance with Transportation Standards*

   Employer assures that all employer-provided transportation will comply with all applicable Federal, State, or local laws and regulations. Employer agrees to provide, at a minimum, the same transportation safety standards, driver licensure, and vehicle insurance as required under 29 U.S.C. 1841 and 29 CFR 500.104 or 500.105 and 29 CFR 500.120 to 500.128. If workers' compensation is used to cover transportation, in lieu of vehicle insurance, the employer will ensure that such workers' compensation covers all travel or that vehicle insurance exists to provide coverage for travel not covered by workers' compensation. Employer agrees to have property damage insurance. 20 CFR 655.122(h)(4).

8. **THREE-FOURTHS GUARANTEE**: Employer agrees to offer the worker employment for a total number of work hours equal to at least three-fourths of the workdays of the total period beginning with the first workday after the arrival of the worker at the place of employment or the advertised contractual first date of need, whichever is later, and ending on the expiration date specified in the work contract or in its extensions, if any. 20 CFR 655.122(i).

The employer may offer the worker more than the specified hours of work on a single workday. For purposes of meeting the three-fourths guarantee, the worker will not be required to work for more than the number of hours specified in the job order for a workday, or on the worker's Sabbath or Federal holidays. If, during the total work contract period, the employer affords the U.S. or H-2A worker less employment than that required under this guarantee, the employer will pay such worker the amount the worker would have earned had the worker, in fact, worked for the guaranteed number of days. An employer will not be considered to have met the work guarantee if the employer has merely offered work on three-fourths of the workdays if each workday did not consist of a full number of hours of work time as specified in the job order. All hours of work actually performed may be counted by the employer in calculating whether the period of guaranteed employment has been met. Any hours the worker fails to work, up to a maximum of the number of hours specified in the job order for a workday, when the worker has been offered an opportunity to work, and all hours of work actually performed (including voluntary work over 8 hours in a workday or on the worker's Sabbath or Federal holidays), may be counted by the employer in calculating whether the period of guaranteed employment has been met. 20 CFR 655.122(i).

If the worker is paid on a piece rate basis, the employer agrees to use the worker's average hourly piece rate earnings or the required hourly wage rate, whichever is higher, to calculate the amount due under the three-fourths guarantee. 20 CFR 655.122(i).

**Form ETA-790A**                                        **FOR DEPARTMENT OF LABOR USE ONLY**                                        Page 5 of 8

H-2A Case Number: H-300-25305-354421    Case Status: Full Certification    Determination Date: 11/13/2025    Validity Period: _____ to _____

OMB Approval: 1205-0562
Expiration Date: 10/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**



If the worker voluntarily abandons employment before the end of the period of employment set forth in the job order, or is terminated for cause, and the employer follows the notification requirements in 20 CFR 655.122(n), the worker is not entitled to the three-fourths guarantee. The employer is not liable for payment of the three-fourths guarantee to an H-2A worker whom the Department of Labor certifies is displaced due to the employer's requirement to hire qualified and available U.S. workers during the recruitment period set out in 20 CFR 655.135(d), which lasts until 50 percent of the period of the work contract has elapsed (50 percent rule). 20 CFR 655.122(i).

*Important Note*: In circumstances where the work contract is terminated due to contract impossibility under 20 CFR 655.122(o), the three-fourths guarantee period ends on the date of termination.

9. **EARNINGS RECORDS**: Employer agrees to keep accurate and adequate records with respect to the workers' earnings at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained. The records must include each worker's permanent address, and, when available, permanent email address, and phone number(s). All records must be available for inspection and transcription by the Department of Labor or a duly authorized and designated representative, and by the worker and representatives designated by the worker as evidenced by appropriate documentation. Where the records are maintained at a central recordkeeping office, other than in the place or places of employment, such records must be made available for inspection and copying within 72 hours following notice from the Department of Labor, or a duly authorized and designated representative, and by the worker and designated representatives. The content of earnings records must meet all regulatory requirements and be retained by the employer for a period of not less than 3 years after the date of certification by the Department of Labor. 20 CFR 655.122(j).

10. **HOURS AND EARNINGS STATEMENTS**: Employer agrees to furnish to the worker on or before each payday in one or more written statements the following information: (1) the worker's total earnings for the pay period; (2) the worker's hourly rate and/or piece rate of pay; (3) the hours of employment offered to the worker (showing offers in accordance with the three-fourths guarantee as determined in 20 CFR 655.122(i), separate from any hours offered over and above the guarantee); (4) the hours actually worked by the worker; (5) an itemization of all deductions made from the worker's wages; (6) if piece rates are used, the units produced daily; (7) beginning and ending dates of the pay period; and (8) the employer's name, address and FEIN. 20 CFR 655.122(k).

For workers engaged in the herding or production of livestock on the range, the employer is exempt from recording and furnishing the hours actually worked each day, the time the worker begins and ends each workday, as well as the nature and amount of work performed, but otherwise must comply with the earnings records and hours and earnings statement requirements set out in 20 CFR 655.122(j) and (k). The employer agrees to keep daily records indicating whether the site of the employee's work was on the range or off the range. If the employer prorates a worker's wage because of the worker's voluntary absence for personal reasons, it must also keep a record of the reason for the worker's absence. 20 CFR 655.210(f).

11. **RATES OF PAY**: The employer agrees that it will offer, advertise in its recruitment, and pay at least the Adverse Effect Wage Rate (AEWR), a prevailing wage rate, the agreed-upon collective bargaining rate, the Federal minimum wage, or the State minimum wage, whichever is highest, for every hour or portion thereof worked during a pay period. If the offered wage(s) disclosed in this clearance order is/are based on commission, bonuses, or other incentives, the employer guarantees the wage paid on a weekly, semi-monthly, or monthly basis will equal or exceed the AEWR, prevailing wage rate, Federal minimum wage, State minimum wage, or any agreed-upon collective bargaining rate, whichever is highest. If the applicable AEWR or prevailing wage is adjusted during the contract period, and that new rate is higher than the highest of the AEWR, the prevailing wage, the collective bargaining rate, the Federal minimum wage, or the State minimum wage, the employer will increase the pay of all employees in the same occupation to the higher rate no later than the effective date of the adjustment. If the new AEWR or prevailing wage is lower than the rate guaranteed on this job order, the employer will continue to pay at least the rate guaranteed on this job order.

If the worker is paid on a piece rate basis, the piece rate must be no less than the prevailing piece rate for the crop activity or agricultural activity and, if applicable, a distinct work task or tasks performed in that activity in the geographic area, if one has been issued. At the end of the pay period, if the piece rate does not result in average hourly piece rate earnings during the pay period at least equal to the amount the worker would have earned had the worker been paid at the appropriate hourly rate, the employer agrees to supplement the worker's pay at that time so that the worker's earnings are at least as much as the worker would have earned during the pay period if the worker had instead been paid at the appropriate hourly wage rate for each hour worked. 20 CFR 655.120, 655.122(l).

For workers engaged in the herding or production of livestock on the range, the employer agrees to pay the worker at least the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, in effect at the time work is performed, whichever is highest, for every month of the job order period or portion thereof. If the offered wage disclosed in this clearance order is based on commissions, bonuses, or other incentives, the employer guarantees that the wage paid will equal or exceed the monthly AEWR, the agreed-upon collective bargaining wage, or the applicable minimum wage imposed by Federal or State law or judicial action, whichever is highest, and will be paid to each worker free and clear without any unauthorized deductions. The employer may prorate the wage for the initial and final pay periods of the job order period if its pay period does not match the beginning or ending dates of the job order. The employer also may prorate the wage if an employee is voluntarily unavailable to work for personal reasons. 20 CFR 655.210(g).

12. **FREQUENCY OF PAY:** Employer agrees to pay workers when due based on the frequency disclosed in this clearance order. 20 CFR 655.122(m).

13. **ABANDONMENT OF EMPLOYMENT OR TERMINATION FOR CAUSE**: If a worker voluntarily abandons employment before the end of the contract period, or is terminated for cause, the employer is not responsible for providing or paying for the subsequent transportation and subsistence expenses of that worker, and that worker is not entitled to the three-fourths guarantee, if the employer notifies the U.S. Department of Labor and, if applicable, the Department of Homeland Security, in writing or by any other method specified by the Department of Labor or the Department of Homeland Security in the *Federal Register*, not later than 2 working days after the abandonment or termination occurs. A worker will be deemed to have abandoned the work contract after the worker fails to show up for work at the regularly scheduled time for 5 consecutive work days without the consent of the employer. 20 CFR 655.122(n).

14. **CONTRACT IMPOSSIBILITY**: The work contract may be terminated before the end date of work specified in the work contract if the services of the workers are no longer required for reasons beyond the control of the employer due to fire, weather, or other Act of God that makes fulfillment of the contract impossible, as determined by the Department of Labor. In the event that the work contract is terminated, the employer agrees to fulfill the three-fourths guarantee for the time that has elapsed from the start date of work specified in the work contract to the date of termination. The employer also agrees that it will make efforts to transfer the worker to other comparable employment acceptable

**Form ETA-790A**                                                                 Page 6 of 8

**FOR DEPARTMENT OF LABOR USE ONLY**

H-2A Case Number: H-300-25305-354421    Case Status: Full Certification    Determination Date: 11/13/2025    Validity Period: _____ to _____

OMB Approval: 1205-0562
Expiration Date: 10/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

to the worker and consistent with existing immigration laws.  In situations where a transfer is not affected, the employer agrees to return the worker at the employer's expense to the place from which the worker, disregarding intervening employment, came to work for the employer, or transport the worker to his/her next certified H-2A employer, whichever the worker prefers.  The employer will also reimburse the worker the full amount of any deductions made by the employer from the worker's pay for transportation and subsistence expenses to the place of employment.  The employer will also pay the worker for any transportation and subsistence expenses incurred by the worker to that employer's place of employment.  The amounts the employer will pay for subsistence expenses per day are those amounts disclosed in this clearance order.  The amount of the transportation payment must not be less (and is not required to be more) than the most economical and reasonable common carrier transportation charges for the distances involved.  20 CFR 655.122(o).

The employer is not required to pay for transportation and daily subsistence from the place of employment to a subsequent employer's place of employment if the worker has contracted with a subsequent employer who has agreed to provide or pay for the worker's transportation and subsistence expenses from the present employer's place of employment to the subsequent employer's place of employment.  20 CFR 655.122(h)(2).

15. **DEDUCTIONS FROM WORKER'S PAY**:  Employer agrees to make all deductions from the worker's paycheck required by law.  This job offer discloses all deductions not required by law which the employer will make from the worker's paycheck and all such deductions are reasonable, in accordance with 20 CFR 655.122(p) and 29 CFR part 531.  The wage requirements of 20 CFR 655.120 will not be met where undisclosed or unauthorized deductions, rebates, or refunds reduce the wage payment made to the employee below the minimum amounts required under 20 CFR part 655, subpart B, or where the employee fails to receive such amounts free and clear because the employee kicks back directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.  20 CFR 655.122(p).

16. **DISCLOSURE OF WORK CONTRACT**:  Employer agrees to provide a copy of the work contract to an H-2A worker no later than the time at which the worker applies for the visa, or to a worker in corresponding employment no later than on the day work commences.  For an H-2A worker coming to the employer from another H-2A employer or who does not require a visa for entry to the United States, the employer agrees to provide a copy of the work contract no later than the time an offer of employment is made to the H-2A worker.  A copy of the work contract will be provided to each worker in a language understood by the worker, as necessary or reasonable.  In the absence of a separate, written work contract entered into between the employer and the worker, the work contract at minimum will be the terms of this clearance order, including all Addenda, the certified *H-2A Application for Temporary Employment Certification* and any obligations required under 8 U.S.C. 1188, 29 CFR part 501, or 20 CFR part 655, subpart B.  20 CFR 655.122(q).

17. **ADDITIONAL ASSURANCES FOR CLEARANCE ORDERS**:

    A.   Employer agrees to provide to workers referred through the clearance system the number of hours of work disclosed in this clearance order for the week beginning with the anticipated first date of need, unless the employer has amended the first date of need at least 10 business days before the original first date of need by so notifying the Order-Holding Office (OHO) in writing (*e.g.*, email notification). The employer understands that it is the responsibility of the SWA to make a record of all notifications and attempt to inform referred workers of the amended first date of need expeditiously.  20 CFR 653.501(c)(3)(i).

    If there is a change to the anticipated first date of need, and the employer fails to notify the OHO at least 10 business days before the original first date of need, the employer agrees that it will pay eligible workers referred through the clearance system the specified rate of pay disclosed in this clearance order for the first week starting with the originally anticipated first date of need or will provide alternative work if such alternative work is stated on the clearance order.  20 CFR 653.501(c)(5).

    B.   Employer agrees that no extension of employment beyond the period of employment specified in the clearance order will relieve it from paying the wages already earned, or if specified in the clearance order as a term of employment, providing transportation from the place of employment, as described in paragraph 7.B above.  20 CFR 653.501(c)(3)(ii).

    C.   Employer assures that all working conditions comply with applicable Federal and State minimum wage, child labor, social security, health and safety, farm labor contractor registration, and other employment-related laws.  20 CFR 653.501(c)(3)(iii).

    D.   Employer agrees to expeditiously notify the OHO or SWA by emailing and telephoning immediately upon learning that a crop is maturing earlier or later, or that weather conditions, over-recruitment, or other factors have changed the terms and conditions of employment.  20 CFR 653.501(c)(3)(iv).

    E.   If acting as a farm labor contractor (FLC) or farm labor contractor employee (FLCE) on this clearance order, the employer assures that it has a valid Federal FLC certificate or Federal FLCE identification card and when appropriate, any required State FLC certificate.  20 CFR 653.501(c)(3)(v).

    F.   Employer assures that outreach workers will have reasonable access to the workers in the conduct of outreach activities pursuant to 20 CFR 653.107.  20 CFR 653.501(c)(3)(vii).

*I **declare** under penalty of perjury that I have read and reviewed this clearance order, including every page of this Form ETA-790A and all supporting addendums, and that to the best of my knowledge, the information contained therein is true and accurate.  This clearance order describes the actual terms and conditions of the employment being offered by me and contains all the material terms and conditions of the job.  20 CFR 653.501(c)(3)(viii).  I understand that to knowingly furnish materially false information in the preparation of this form and/or any supplement thereto or to aid, abet, or counsel another to do so is a federal offense punishable by fines, imprisonment, or both.  18 U.S.C. §§ 2, 1001.*

| 1. Last (family) name * | 2. First (given) name * | 3. Middle initial *§* |
|---|---|---|
| Larimer | Sherrie | |

| 4. Title * |
|---|
| Manager |

H-2A Case Number: H-300-25305-354421    Case Status: Full Certification    Determination Date: 11/13/2025    Validity Period: _____ to _____

OMB Approval: 1205-0562
Expiration Date: 10/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A
**U.S. Department of Labor**

| 5.  Signature  (or digital signature) * | 6.  Date signed * |
|---|---|
| Digital Signature Verified and Retained By | 11/1/2025 |

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

---

**Form ETA-790A**                **FOR DEPARTMENT OF LABOR USE ONLY**                Page 8 of 8

H-2A Case Number: H-300-25305-354421    Case Status: Full Certification    Determination Date: 11/13/2025    Validity Period: _____ to _____

OMB Approval: 1205-0562
Expiration Date: 10/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum B
**U.S. Department of Labor**



## C. Additional Place of Employment Information

| 1. Name of Agricultural Business § | 2. Place of Employment * | 3. Additional Place of Employment Information § | 4. Begin Date § | 5. End Date § | 6. Total Workers § |
|---|---|---|---|---|---|
| Lord's Seed | 9900 West Maple<br>Orland, Indiana 46776<br>STEUBEN COUNTY | | 12/24/2025 | 3/1/2026 | 1 |
| Lord's Seed | 6825 N 375 E<br>Howe, Indiana 46746<br>LAGRANGE COUNTY | | 12/24/2025 | 3/1/2026 | 1 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## D. Additional Housing Information

OMB Approval: 1205-0562
Expiration Date: 10/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



## H. Additional Material Terms and Conditions of the Job Offer

*a. Job Offer Information 1*

| 1. Section/Item Number * | A.11 | 2. Name of Section or Category of Material Term or Condition * | Pay Deductions - *Deductions |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Where allowed or required by State, Local, or Federal law, reasonable repair cost of damage from deliberate or negligent destruction, other than that caused by normal wear and tear and so long as it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act or by the gross negligence of the employee, for damage to housing, furnishings, tools, or equipment, applicable Federal or State Taxes, and wage garnishments required by law may be deducted from the workers pay. Should employee fail to maintain housing in a clean manner which leads to degradation of the housing, employer may deduct cost of cleaning to restore housing from workers pay. Employer may make voluntary deductions at workers request for items not required to perform the job such as internet, tv, no interest cash advances, non work related medical expenses, 401K election, etc. If a worker is authorized to use company funds for purchasing items on behalf of the company, any rebate associated with the purchase constitutes funds of the company and can be deducted from worker's pay if wrongfully retained by the worker. Should the worker abandon employment or be terminated for cause, the worker may be required to reimburse the employer for cost of transportation & subsistence that were advanced or reimbursed to the worker. No deductions which are for the benefit of the employer and that would bring the employee's hourly wage below the Federal Minimum Wage will be made.

*b. Job Offer Information 2*

| 1. Section/Item Number * | F.1 | 2. Name of Section or Category of Material Term or Condition * | Daily Transportation - *Housing Details |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Living & laundry facilities available. Housing will be clean and in compliance with OSHA Housing Standards at 29 CFR 1910.142 when occupied. Workers will be responsible for maintaining housing in a neat, clean manner. Housing and utilities are provided at no cost to workers who are unable to return to their place of residence the same day. Workers eligible for and offered employer-provided housing may choose not to occupy the employer provided housing. Workers eligible for employer provided housing may elect to obtain their own housing at worker's expense. Workers eligible for employer-provided housing who elect to decline the employer provided housing and instead obtain their own housing may withdraw such election at any time during the period of employment, and upon doing so will be provided housing by the employer as set forth in the Clearance Order or as amended and approved by DOL. The Company assumes no responsibility whatsoever for housing arranged by workers on their own. The employer will not provide a housing allowance or assistance to workers eligible for employer-provided housing who elect to obtain their own housing. Worker cannot change assigned housing or move between the housing listed on the job order without the consent of the employer. No worker may allow for overnight guests in the housing without the prior consent of the employer, and housing provided is for the worker only unless family housing is required by law or agreed upon by the employer.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

**Form ETA-790A Addendum C**          **FOR DEPARTMENT OF LABOR USE ONLY**          Page C.1 of C.4

H-2A Case Number: H-300-25305-354421     Case Status: Full Certification     Determination Date: 11/13/2025     Validity Period: _____ to _____



OMB Approval: 1205-0562
Expiration Date: 10/31/2025

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**

## H. Additional Material Terms and Conditions of the Job Offer

*c. Job Offer Information 3*

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Job Requirements - *Min Requirements |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Minimum Performance/Work/Housing Requirements

Workers must comply with local, state, and federal laws at all times

Workers may not carry, possess, or use any dangerous or deadly weapon on employers premises or vehicles, growers premises or vehicles, employer provided housing or while on the clock without consent from the employer.

Workers must conduct themselves professionally at all times. This includes no fighting, no stealing, no lying, no harassing, amongst other actions that any reasonable person would view as unprofessional. These actions extend to displaying professional conduct when dealing with the employer, other workers, growers, vendors, customers, or any persons related to the employer's operations.

Workers may not deface, destroy, misuse, relocate without permission, operate without permission, or damage any equipment, vehicles, tools, machinery, housing, property associated with the employer, growers or other workers.

Workers must immediately report any damage that occurs to machinery, vehicles, equipment tools, or other property belonging to the employer, growers or other workers.

Workers must keep housing, living quarters, common areas, work premises, vehicles, employer and grower properties orderly, neat, clean, free of trash, and in good working order.

Workers living in employer provided housing must follow standard housing practices such as but not limited to the following: ensuring doors and windows are shut and locked when not present, adjust heat and air to conserve energy, keep doors and windows shut and secured during adverse weather conditions, report any housing issues to employer in a timely manner, leave furniture in designated areas unless permitted by employer. The employer reserves the right to enter the housing at any time and is able to perform inspections at random to ensure housing meets applicable standards.

Workers must honor quiet hours at employer provided housing if designated by employer. Workers may not disrupt other workers sleep/rest periods by excessive or unnecessary noise. No persons, other than workers assigned by employer, may sleep in the housing without employer consent.

Workers must adhere to standard safety practices such as wearing seat belts, taking appropriate water breaks on hot days as directed by supervisor or company policy, wearing personal protective equipment appropriate for the tasks being performed, complete and obey all safety trainings provided by the employer, and report any injuries, accidents, or safety concerns immediately to the supervisor.

Workers must perform quality and timely work, must follow supervisor's instructions, must follow good hygiene practices, must be present, able, and willing to perform assigned duties every scheduled workday at the scheduled time unless excused by the employer, whereas excessive tardiness and absences are not permitted and workers must report any absence from work prior to the scheduled start time. Employer may terminate any worker who abandons employment (five consecutive workdays of unexcused absence).

H-2A workers must leave the United States at the end of the period certified by the Department or separation from the employer, whichever is earlier, unless the H-2A worker is being sponsored by another subsequent H-2A employer.

*d. Job Offer Information 4*

| 1. Section/Item Number * | F.1 | 2. Name of Section or Category of Material Term or Condition * | Daily Transportation - *Fixed Site Daily, Inbound, Outbound Transportation |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

The employer shall provide transportation between housing and worksite and for personal errands (e.g., groceries, banking services) in the form of pickup, car, van, self propelled farm machine (ex. tractor, combine, sprayer, harvester, truck), or other common means controlled/operated by the employer between the place where the employer has provided housing to the actual work site and return at the end of the workday. Given the nature of farming operations, the employer's vehicles, number of vehicles, and seating capacities in use change regularly, but in general, will always be 1 or more and will consist of vehicles such as pickups, cars, vans, or farm machinery. Pickups, cars, and vans seat up to 6 individuals, trucks seat up to 3 individuals, and farm machinery seats no more than 2 individuals. If the employer's total number of workers exceeds the total capacity of its vehicles, workers will be driven between the housing and worksite and for personal errands in staggered groups. In instances where the employer has not provided the worker his or her own means (such as one of the prior mentioned modes) or in the case that the worker does not possess the ability to operate a motor vehicle on public roadways, the employer provided pick up time will be at the scheduled begin worktime and drop off will be at the scheduled end of worktime as identified in section A. Job Offer Information of form ETA 790A with the exception of fluctuations in work schedule resulting from crop, weather, or other dictating conditions. All work related transportation will be without cost to the worker, all transportation is controlled/operated by the employer, and the means of transportation shall meet all applicable local, state, and federal safety standards. If workers' compensation is used to cover transportation in lieu of vehicle insurance, the employer will either ensure that the workers' compensation covers all travel or that vehicle insurance exists to provide coverage for travel not covered by workers' compensation and it must have property damage insurance.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

---

**Form ETA-790A Addendum C**      **FOR DEPARTMENT OF LABOR USE ONLY**      Page C.2 of C.4

H-2A Case Number: H-300-25305-354421      Case Status: Full Certification      Determination Date: 11/13/2025      Validity Period: _____ to _____

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



**H. Additional Material Terms and Conditions of the Job Offer**

*e. Job Offer Information 5*

| 1. Section/Item Number * | F.2 | 2. Name of Section or Category of Material Term or Condition * | Inbound/Outbound Transportation - *Inbound and Outbound Transportation |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Employer provided inbound/outbound transportation to and from the worker's home country will be airplane, charter bus, employer operated vehicle, or other common means depending on the worker's country or State of origin. If a worker is terminated for cause or abandons employment (prior to the 50% point for inbound travel or prior to the completion of the contract for outbound travel), and the employer has already paid for the outbound transportation, the worker may be required to reimburse the employer either by a deduction from pay or separate payment unless such a reimbursement is disallowed under an applicable local, state, or federal law (ex. such a reimbursement is not allowed in New York State).  The employer will either provide transportation or reimburse the worker who secured his or her own transportation.  The method will be determined on a worker by worker basis based on factors such as the worker's home country (or US State) of origin, means of transportation available to the worker, capacity or lack thereof of worker to purchase his or her own transportation, worker's desire or lack thereof to coordinate one's own schedule, etc.  The employer will either provide or pay for an acceptable mode of transportation, or will permit workers to select any means of transportation they choose and reimburse workers at no less than the most economical and reasonable common carrier transportation charges for the distances involved.

*f. Job Offer Information 6*

| 1. Section/Item Number * | B.6 | 2. Name of Section or Category of Material Term or Condition * | Job Requirements - *Additional Details |
|---|---|---|---|

3. Details of Material Term or Condition (*up to 3,500 characters*) *

Should the Employers worker's compensation insurance policy expire during the work contract period in which workers are employed under the H-2A program, the worker's compensation insurance policy will be renewed so that workers are covered for the entire duration of the contract. The Employer may terminate a worker if a worker: refuses without justified cause to perform work for which the worker was recruited and hired; or commits a serious act of misconduct; or fails to be able to perform all of the tasks described in the job order. If the worker voluntarily abandons employment before the end of the contract period, or is terminated for cause, and the employer notifies the SWA, DOL, and USCIS in the case of an H2A worker, the employer will not be responsible for providing or paying for the subsequent transportation and subsistence expenses of that worker, and the worker is not entitled to the three-fourths guarantee.

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

**Form ETA-790A Addendum C**                    **FOR DEPARTMENT OF LABOR USE ONLY**                    Page C.3 of C.4

H-2A Case Number: H-300-25305-354421          Case Status: Full Certification          Determination Date: 11/13/2025          Validity Period: _____ to _____

H-2A Agricultural Clearance Order
Form ETA-790A Addendum C
**U.S. Department of Labor**



## H. Additional Material Terms and Conditions of the Job Offer

*g. Job Offer Information 7*

| 1.  Section/Item Number * | B.6 | 2.  Name of Section or Category of Material Term or Condition * | Job Requirements - *Minimum Job Qualifications/Requirements |
|---|---|---|---|

3.  Details of Material Term or Condition (*up to 3,500 characters*) *

Operating tools and equipment as applicable and noted in the job description as well as operating a motor vehicle under the influence of drugs and/or alcohol is dangerous. Operator manuals have label warnings – Do Not Operate Under the Influence of Drugs or Alcohol. Work Comp Insurance as well as vehicle insurance companies require safety compliance. Poor judgment, improper driving, etc. can result in serious and fatal accidents. Employer has a strict policy prohibiting drug use. Any drug testing will be post hire and at the employer's expense. Assisting with the employers farming operation includes lifting agricultural tools and equipment that weigh up to the lifting requirement listed at B.4.e. Employer may request but cannot require workers to work on their Sabbath. The nature of farm work may require workers to work after dark and possibly weekends depending on weather conditions. Hours offered may vary based on factors such as weather or other unpredictable variables that impact the farm's operation. (as applicable and per the job description) Employer may, at the company's sole discretion, pay workers at a rate above the minimum required and/or provide additional compensation such as bonuses, fixed salaries, PTO, insurance, incentive pay, or other benefits to any worker employed under this job order based on lawful, non-discriminatory factors including skill, performance, tenure with the employer, licensing, training, punctuality, or prior related experience. Workers will be required to report to the worksite(s) listed at the beginning of the work day and may perform the job duties listed at various fields, patches, parcels, etc.  All work performed at any location will result in the worker being able to return to the housing listed on the job order at the end of each work day. The employer may have multiple job opportunities and reserves the right to present other job opportunities to workers already employed under this job order as well as possible applicants for their consideration. All workers must have proper work authorization to be employed under any of the employer's job opportunities. While the employer's frequency of pay is defined in the job order, the frequency may change during the contract period as a result of factors such as payroll service provision, internal business operations, etc., but in no event will the frequency be less than twice per month in which case, all days and payday hours, as applicable by local, state, or federal law would be paid.

*h. Job Offer Information 8*

| 1.  Section/Item Number * | | 2.  Name of Section or Category of Material Term or Condition * | |
|---|---|---|---|

3.  Details of Material Term or Condition (*up to 3,500 characters*) *

**For Public Burden Statement, see the Instructions for Form ETA-790/790A.**

**Form ETA-790A Addendum C**                    **FOR DEPARTMENT OF LABOR USE ONLY**                    Page C.4 of C.4

H-2A Case Number: H-300-25305-354421      Case Status: Full Certification      Determination Date: 11/13/2025      Validity Period: _____ to _____