Kuntal Cholera*
Tom Plotkin*
Mark Andrews-Lee*
Christina Coleburn*
Lindsay Williams*
Sela Carrington**
COVINGTON & BURLING LLP
850 Tenth Street NW
Washington, DC 20001
kcholera@cov.com
*Admitted pro hac vice
**Pro hac vice application forthcoming

*Attorneys for Plaintiffs*

*(additional counsel listed on signature page)*

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| UNITED FARM WORKERS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF LABOR; <br><br> KEITH E. SONDERLING, in his official capacity as Acting Secretary of Labor[1]; <br><br> LORI FRAZIER BEARDEN, in her official capacity as Acting Assistant Secretary for Employment and Training <br><br> Defendants. | Civil Case No.: 1:25-cv-1614 <br><br><br> **JOINT SCHEDULING STATEMENT** |

---

[1] Pursuant to Fed. R. Civ. P. 25(d), "when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending," the "officer's successor is automatically substituted as a party."

The Court's May 13, 2026 Order directed the parties to submit, within 14 days of the Order, "a proposed briefing schedule on the merits of Plaintiffs' claims." The parties have met and conferred and are unable to agree on an appropriate summary judgment briefing schedule.[2] Each party sets forth its position below.

**<u>Plaintiffs' Position</u>**

- Plaintiffs propose a streamlined summary judgment briefing process. The parties have already extensively briefed (and argued) the merits. Further, as described below, an expedited resolution of the merits is necessary to prevent the continued, pervasive impacts of the Interim Final Rule ("IFR") on the wages of scores of farmworkers across the country. Thus, Plaintiffs propose that the Court treat the preliminary injunction papers—all of which extensively addressed the merits—as summary judgment briefs and allow the parties to submit supplemental briefs in light of the new procedural posture.

- Plaintiffs propose that the Court permit each side to submit:

    1. A supplemental summary judgment brief not to exceed 15 pages,[3] which will be due within three weeks of the Court order setting the summary judgment schedule, and

    2. A response to the opposing side's supplemental brief not to exceed 10 pages, which will be due within two weeks of the filing of the supplemental summary judgment briefs.

- A streamlined summary judgment process that makes use of prior briefing would be efficient. In any summary judgment motion, Plaintiffs would advance the same challenges to the IFR that were found in Plaintiffs' preliminary injunction papers—challenges that *each side has already briefed*. The Court thus far has not issued a decision on the merits that the parties could react to in their summary judgment papers, creating the risk that those papers would largely be duplicative of the preliminary injunction papers. Requiring the parties to submit entirely new

---

[2] Defendants request that the Court extend their answer deadline to June 17, 2026. Plaintiffs do not oppose that request.

[3] For clarity, appended evidentiary materials would not count towards the 15-page limit.

merits briefs would needlessly consume the resources of the Court and the parties and delay resolution of the merits.

- Delaying resolution of the merits risks harming farmworkers across the country. As the Court recognized, a loss of wages can have severe consequences on poor workers, *see* PI Order, at 26, which would include the individual farmworker Plaintiffs and the UFW members. Although Plaintiffs respect the Court's conclusion that the preliminary injunction motion record did not establish a sufficient likelihood of irreparable harm, that record consisted mostly of evidence available by December 22, 2025—the date the preliminary injunction motion was filed, which was just a short while after IFR had gone into effect. As explained in Plaintiffs' preliminary injunction reply brief, the government shutdown delayed implementation of the October 2, 2025 IFR, and thus, by December of 2025, the IFR was only beginning to impact seasonal farmworker wages. *See* PI Reply at 6-7. Indeed, farmworker wages are generally set when a farm offers, and a farmworker accepts, a contract for seasonal employment, and that typically occurs shortly before the contract period begins. Most farmworker wages are thus not set in December 2025— the dead of winter—but much later, shortly before the season for employment typically begins. Since the filing of the December 2025 preliminary injunction motion, Plaintiffs have amassed additional evidence confirming that the IFR has caused a substantial drop in wages impacting Plaintiffs, which is no surprise given the IFR's clear intent to reduce farmworker wages. For example, Plaintiffs are prepared to submit a declaration indicating that, in April 2026, Plaintiff Irene Mendoza's former employer—Peterson Bros Potatoes in Big Lake, Minnesota—offered her $16.50 per hour for a sorter position ($15.50 if she lived in employer-provided housing) for a job that starts in June 2026. The declaration would indicate that when she previously performed this work for the same employer from June 2025 to October 2025, she earned $20 per hour, back when the applicable Adverse Effect Wage Rate (AEWR) was $18.15. This evidence was not available to Plaintiffs until recently. And Irene Mendoza already submitted a declaration describing the harms she would suffer as a result of that type of pay cut. *See* Mendoza Decl. ¶ 13. Plaintiffs offered to submit that type of supplemental evidence earlier and remain willing to do so at the Court's request to show why an expedited summary judgment schedule is warranted.

JOINT SCHEDULING STATEMENT

- The Department of Labor ("DOL") can articulate no sound reason for the Court to institute a leisurely summary judgment briefing schedule.

  1. During the parties' meet and confer, DOL indicated that it wished to submit the administrative record, and that it wanted until June 17, 2026 to do so. That is no basis for delaying summary judgment briefing. First, Plaintiffs have not even asked for the administrative record. To the extent DOL wants the administrative record to be part of the summary judgment record, it is welcome to file it at any time, including with its supplemental summary judgment brief. Second, DOL should not be given until June 17 to file the administrative record. The IFR was issued almost *eight months* ago, and DOL should have already assembled the record by now. And third, it is unclear how the administrative record will be relevant. As explained during the preliminary injunction hearing, the IFR is a lengthy document that already sets forth DOL's reasoning. It is unclear what the administrative record will contribute.

  2. An expedited summary judgment briefing schedule will not prejudice DOL. Once more, the parties have already briefed the merits, and thus DOL must know what its arguments will be. And as a general matter, this suit was filed over six months ago now, providing DOL with sufficient time to assemble any additional materials it believed it may need to litigate the merits. To the extent DOL wants to make additional merits-related arguments that were omitted from its preliminary injunction brief, it can make those arguments in its supplemental summary judgment brief.

  3. Although Local Rule 261 provides for a lengthier default schedule, the Court need not, and should not, implement that schedule here. That schedule does not account for the unique factors here that counsel in favor of a different summary judgment process. In particular, Local Rule 261 does not appear to contemplate a scenario where the parties have already extensively briefed the merits, and where expedited resolution of the merits is necessary to address ongoing harms.

- To the extent the Court is disinclined to adopt Plaintiffs' proposed summary judgment process, Plaintiffs respectfully request that the Court allow Plaintiffs to submit updated irreparable harm

JOINT SCHEDULING STATEMENT

evidence, and then subsequently reconsider its preliminary injunction decision. The Court expressed an openness to that process during the preliminary injunction hearing, and that process would be justified given the ongoing harms suffered by farmworkers along with the availability of new evidence establishing those harms.

- If helpful, Plaintiffs are available, at the Court's convenience, to participate in a video status conference to further discuss any of the issues raised herein.

### Defendants' Position

Defendants' preference is to follow a modified schedule grounded in local rule 261. Specifically, Defendants believe that an Answer would have little benefit to the court and therefore propose providing the administrative record by June 17. Plaintiffs would then have until August 3 to file a motion for summary judgement. Defendants would then file their opposition and cross-motion within forty-five (45) days. Each side would be entitled to fifteen (15) days to file a reply as well as a cross-motion reply. In the alternative, Defendants are prepared to file an Answer to the complaint by June 17 along with the administrative record.

DATED: May 27, 2026

Respectfully submitted,

/s/ *Kuntal Cholera*
Kuntal Cholera*
Tom Plotkin*
Mark Andrews-Lee*
Christina Coleburn*
Lindsay Williams*
Sela Carrington**
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
(202) 662-5367
kcholera@cov.com
tplotkin@cov.com
mandrewslee@cov.com
ccoleburn@cov.com
liwilliams@cov.com

4
JOINT SCHEDULING STATEMENT

scarrington@cov.com
*Admitted *pro hac vice*
** *Pro hac vice* application forthcoming

Mario Martinez, Esq.
Edgar Aguilasocho, Esq.
Martinez Aguilasocho Law, Inc.
P.O. Box 1998
Bakersfield, CA 93303
Phone: 661-859-1174 | Fax: 661-840-6154
mmartinez@farmworkerlaw.com
eaguilasocho@farmworkerlaw.com
info@farmworkerlaw.com

Lori Johnson*
Rebecca Rosefelt*
Farmworker Justice
1126 16th St. NW, Suite 507
Washington, DC 20036
ljohnson@farmworkerjustice.org
rrosefelt@farmworkerjustice.org
*Admitted *pro hac vice*

Verónica Meléndez (SBN 294106)
Cecilia Guevara Langberg (SBN 307159)
California Rural Legal Assistance Foundation
2210 K Street, Suite 201
Sacramento, CA 95816
Tel: (916) 446-7905
Fax: (916) 446-3057
vmelendez@crlaf.org
cguevarazamora@crlaf.org

*Attorneys for Plaintiffs*


/s/ Patrick K. Keating
PATRICK K. KEATING (MD Bar No. 2211140001)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
(202) 598-0256
patrick.k.keating@usdoj.gov

*Attorney for Defendants*

JOINT SCHEDULING STATEMENT