BRETT A. SHUMATE
Assistant Attorney General

BRAD P. ROSENBERG
Chief Litigation Counsel

PATRICK K. KEATING
Trial Attorney

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel:    (202) 598-0256
Email: patrick.k.keating@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| United Farms Workers et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case 1:25-cv-1614-KES-EGC |
| | ) |
| U.S. Department of Labor et al., | ) **DEFENDANT'S ANSWER TO** |
| | ) **PLAINTIFFS' COMPLAINT** |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

Defendant Keith E. Sonderling, in his official capacity as Acting Secretary of Labor, Henry Mack, in his official capacity as Assistant Secretary for Employment and Training Administration, and the U.S. Department of Labor (collectively "Defendants"), by and through undersigned counsel, answer the separately numbered paragraphs[1] and prayer for relief contained in Plaintiffs' Complaint for Injunctive and Declaratory Relief (ECF No. 1) as follows:

**INTRODUCTION[2]**

1.      This paragraph contains Plaintiffs' characterization of this action, to which no response is required, as well as citations to statutes and regulations. Defendants refer to those referenced statutes and regulations for a full and accurate statement of their contents and deny any allegations inconsistent with those statutes and regulations. To the extent a response is required, Defendants deny the allegations in this paragraph, except to admit that the Department of Labor ("DOL") has issued an Interim Final Rule ("IFR") entitled *Adverse Effect Wage Rate Methodology for the Temporary Employment of H-2A Nonimmigrants in Non-Range Occupations in the United States*.

2.      This paragraph cites and characterizes publications, to which Defendants refer for their complete contents. Defendants admit that the United States would suffer economic consequences without farmwork. Defendants deny the remaining allegations.

3.      This paragraph cites, characterizes, and quotes statutes, to which Defendants refer for their complete contents. Defendants deny the remaining allegations.

4.      Defendants admit that DOL has historically satisfied the "no adverse effect" requirement, in part, by publishing a state or region-specific minimum wage that temporary foreign farmworkers must be paid to avoid artificially lowering the wages of workers in the United States similarly employed to H-2A workers – the Adverse Effect Wage Rate ("AEWR").

---

[1] Footnotes are addressed within the context of the paragraph in which they appear.

[2] Defendants have included Plaintiffs' headings as a reference point. The headings are not factual allegations to which a response is required.

*UFW et al. v. DOL,* **Case No. 1:25-cv-1614-KES**
**Defendants' Answer to Complaint**

The AEWRs have typically been calculated based on reliable data on average wages paid to farm workers in the relevant sectors. Defendants deny any remaining allegations in this paragraph.

5.    This paragraph cites and characterizes the IFR, to which Defendants refer for its complete and accurate contents. Defendants deny the remaining allegations in this paragraph.

6.    This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

7.    This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

8.    This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

9.    This paragraph contains argument, to which no response is required, or cites statutes and regulations, to which Defendants refer for their complete and accurate contents. To the extend that a response is required, it is denied.

10.    This paragraph contains argument, to which no response is required, or cites a source, to which Defendants refer for its complete and accurate contents. To the extend that a response is required, it is denied.

11.    This paragraph contains argument, to which no response is required, or cites a statute, to which Defendants refer for its complete and accurate contents. To the extent that a response is required, it is denied.

12.    This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

## JURISDICTION AND VENUE

13.    This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is required it is denied.

14.    This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is required, it is denied.

*UFW et al. v. DOL,* **Case No. 1:25-cv-1614-KES**
**Defendants' Answer to Complaint**

15. This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is required it is denied.

16. This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is required it is denied.

17. This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is required, it is denied.

**PARTIES**

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the non argument-based allegations in this paragraph, but admit that the United Farm Workers ("UFW") is a farmworker union. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the non argument-based allegations in this paragraph, but admit that the UFW Foundation is a nonprofit organization that is accredited by the Department of Justice ("DOJ") as an immigration legal services provider. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

*UFW et al. v. DOL,* **Case No. 1:25-cv-1614-KES**
**Defendants' Answer to Complaint**

23.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

24.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

25.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

26.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

27.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

28.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

29.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

*UFW et al. v. DOL,* **Case No. 1:25-cv-1614-KES**
**Defendants' Answer to Complaint**

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

31.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

34.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

36.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

*UFW et al. v. DOL,* **Case No. 1:25-cv-1614-KES**
**Defendants' Answer to Complaint**

37.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph consists of argument, to which no response is required. To the extent that a response is required, it is denied.

38.    Defendants admit the first sentence in this paragraph. Defendants admit DOL is responsible for administration and enforcement of the labor certification requirements found at 8 U.S.C. § 1188. Defendants deny any remaining allegations.

39.    Defendants deny that Lori Chavez-DeRemer is the United States Secretary of Labor but aver that Keith Sonderling is the Acting Secretary and is sued in his official capacity. Defendants also admit that the Acting Secretary is responsible for the functions of DOL. Defendants deny any remaining allegations.

40.    Defendants deny that Lori Frazier Bearden is the Acting Assistant Secretary for Employment and Training, but aver that Henry Mack is the Assistant Secretary for Employment and Training and is sued in his official capacity. Defendants deny any remaining allegations.

## FACTS

**A. Background**

> ***1.    Congress enacted the H-2A program that permits employers to hire temporary foreign farmworkers, but only if, among other requirements, doing so will not adversely affect the wages of similarly employees U.S. workers.***

41.    This paragraph cites and characterizes regulatory text and various articles, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

42.    This paragraph cites and characterizes various regulations and other sources, to which Defendants refer for their complete and accurate contents.

43.    This paragraph cites and characterizes statutory and regulatory authority, to which Defendants refer for their complete and accurate contents.

*UFW et al. v. DOL,* **Case No. 1:25-cv-1614-KES**
**Defendants' Answer to Complaint**

44.    This paragraph cites statutes as well as congressional testimony, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

### 2. DOL has adopted a series of methodologies for calculating the AEWRs applicable to the relevant farmworker positions

45.    Defendants admit the Department of Labor is responsible for administration and enforcement of the labor certification requirements found at 8 U.S.C. 1188. Defendants deny any remaining allegations.

46.    Admitted.

47.    Admitted.

48.    Admitted.

49.    Admitted.

50.    Admitted.

*For decades, the average wage rate for farmworkers has steadily increased*

51.    This paragraph cites various articles, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

52.    This paragraph cites an article, to which Defendants refer for its complete and accurate contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

53.    Defendants lack knowledge or information sufficient to form a belief as to the truth of any allegations in this paragraph.

54.    This paragraph cites regulatory text, to which Defendants refer for their complete and accurate contents. Defendants admit that farm workers are paid competitively.

55.    This paragraph cites an article, to which Defendants refer for its complete and accurate contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph.

### B. The IFR adopted a new methodology that drops AEWRs and likely depresses wages of many U.S. farmworkers

*UFW et al. v. DOL*, Case No. 1:25-cv-1614-KES
**Defendants' Answer to Complaint**

56.    Admitted.

57.    This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

58.    This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

59.    This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

### 1.   The IFR relies on a tiered wage system that depresses AEWRs

60.    This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

61.    Admitted.

62.    This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. To the extent that a response is required, it is denied.

63.    Admitted.

64.    This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny the remaining allegations of this paragraph.

65.    This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny the remaining allegations of this paragraph.

66.    This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

67.     This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

68.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the non-argument-based allegations in this paragraph. The remainder of the paragraph

*UFW et al. v. DOL,* **Case No. 1:25-cv-1614-KES**
**Defendants' Answer to Complaint**

consists of argument, to which no response is required. To the extent that a response is required, it is denied.

69. This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

70. This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

71. This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

72. This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

73. This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

74. This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

### 2. *The IFR appears to apply an across-the-board housing deduction to AEWRs for H-2A workers, reducing them by up to 30%*

75. This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

76. This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

77. This paragraph cites and characterizes regulatory text as well as a publication, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

*UFW et al. v. DOL,* **Case No. 1:25-cv-1614-KES**
**Defendants' Answer to Complaint**

78.    This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

79.    This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

80.    This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

81.    This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

82.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent that a response is required, it is denied.

83.    This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

84.    This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

85.    This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

86.    This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

**3.    *DOL's new methodology for calculating AEWRs relies on survey data that currently does not cover farm establishments.***

87.    This paragraph cites and characterizes a departmental publication, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

*UFW et al. v. DOL,* **Case No. 1:25-cv-1614-KES**
**Defendants' Answer to Complaint**

88. This paragraph cites and characterizes a departmental publication as well as regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

89. Admitted.

90. This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

91. This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

4. ***The IFR alters how SOC Codes are assigned based on a new "Primary Duty" test***

92. This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

93. This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

94. This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

95. This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

96. This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

97. This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

**C. The IFR will significantly and irreparably harm both H-2A workers and similarly employed U.S. workers**

*UFW et al. v. DOL*, Case No. 1:25-cv-1614-KES
**Defendants' Answer to Complaint**

98.    This paragraph cites and characterizes a publication, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

99.    This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

100.    This paragraph includes a chart that purports to be based on a publication, to which Defendants refer for its complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

101.    This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

102.    This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

103.    Defendants lack knowledge or information sufficient to form a belief as to the truth the allegations in this paragraph.

104.    The first sentence cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence.  The third sentence cites and characterizes a source, to which Defendants refer for its complete and accurate contents; Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the third sentence.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence.

105.    This paragraph cites and characterizes publications, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

106.    This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

*UFW et al. v. DOL,* **Case No. 1:25-cv-1614-KES**
**Defendants' Answer to Complaint**

107.    This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

108.    This paragraph cites and characterizes regulatory text, to which Defendants refer for their complete and accurate contents. Defendants deny any remaining allegations in this paragraph.

109.    This paragraph contains argument, to which no response is required. To the extent that a response is required, it is denied.

## Claims for Relief

*Count One*

110.    Defendants incorporate by reference the foregoing paragraphs of this Answer as though fully set forth herein.

111.    This paragraph cites and characterizes the APA, to which Defendants refer for its complete and accurate contents, or calls for a legal conclusion, to which no response is required.

112.    Denied.

113.    This paragraph calls for a legal conclusion, to which no response is required.  To the extent a response is required, it is denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    This paragraph calls for a legal conclusion, to which no response is required.  To the extent a response is required, it is denied.

118.    Denied.

*Count Two*

119.    Defendants incorporate by reference the foregoing paragraphs of this Answer as though fully set forth herein.

120.    This paragraph cites and characterizes the APA, to which Defendants refer for its complete and accurate contents, or calls for a legal conclusion, to which no response is required.

121.    Denied.

*UFW et al. v. DOL,* Case No. 1:25-cv-1614-KES
**Defendants' Answer to Complaint**

122.    Denied.

123.    This paragraph calls for a legal conclusion, to which no response is required.  To the extent a response is required, it is denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    This paragraph calls for a legal conclusion, to which no response is required.

133.    Denied.

134.    Denied.

135.    Denied.

136.    This paragraph calls for a legal conclusion, to which no response is required.  To the extent a response is required, it is denied.

137.    Denied.

*Count Three*

138.    Defendants incorporate by reference the foregoing paragraphs of this Answer as though fully set forth herein.

139.    This paragraph characterizes the APA, to which Defendants refer for its complete and accurate contents, or calls for a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny that the APA's notice and comment provisions are applicable here.

140.    This paragraph characterizes the APA, to which Defendants refer for its complete and accurate contents, or calls for a legal conclusion, to which no response is required.

141.    Denied.

142.    Denied.

*UFW et al. v. DOL,* **Case No. 1:25-cv-1614-KES**
**Defendants' Answer to Complaint**

143. Denied.

144. Denied.

145. Denied.

146. Denied.

## PRAYER FOR RELIEF

Paragraphs 147-152 constitute a Prayer for Relief.  Defendants deny any allegations in the Prayer for Relief and deny that Plaintiffs are entitled to any of the relief requested.

Each and every allegation not heretofore expressly admitted or denied is hereby denied.

## <u>AFFIRMATIVE DEFENSES</u>

1. Plaintiffs lack standing.

2. The Interim Final Rule is in accordance with law.

3. The Interim Final Rule is neither arbitrary nor capricious.

4. The Department of Labor had good cause to proceed directly to an interim final rule.

Having answered Plaintiffs' Complaint and set for their affirmative defenses, Defendants pray that this Court dismiss the Complaint with prejudice.

Dated:  June 17, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

BRAD P. ROSENBERG
Chief Litigation Counsel

   /s/ Patrick K. Keating
PATRICK K. KEATING (MD. Bar No. 2211140001)
Trial Attorney, Federal Programs Branch
United States Department of Justice
Civil Division, Federal Programs Branch

*UFW et al. v. DOL,* **Case No. 1:25-cv-1614-KES**
**Defendants' Answer to Complaint**

1100 L Street, N.W.
Washington, D.C. 20005
Tel:     (202) 598-0256
Email: patrick.k.keating@usdoj.gov

*Attorneys for Defendants*

*UFW et al. v. DOL,* **Case No. 1:25-cv-1614-KES**
**Defendants' Answer to Complaint**