UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FARM WORKERS, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES DEPARTMENT OF LABOR, et al.,<br>Defendants. | No. 1:25-cv-01614-KES-EGC<br><br>ORDER<br>Doc. 102 |

The court's August 26, 2026, order ("Order"), found that the Department of Labor's interim final rule ("IFR") for calculating Adverse Effect Wage Rates ("AEWR") for H-2A workers is both arbitrary and capricious and procedurally defective under the Administrative Procedure Act. Doc 99 at 10–23, 27–28. The court ordered defendants "to promptly produce a new methodology for calculating [AEWRs] for H-2A workers that is consistent with [the] Order, and to promptly publish new AEWRs under that methodology." *Id.* at 28. The parties were directed to submit a joint status report detailing defendants' initial steps towards producing the new methodology, defendants' anticipated timeline for issuing the new methodology, and the parties' proposed schedule for future status reports. *Id.*

The court has reviewed the parties' joint status report. *See* Doc. 102. In the parties' report, the Department of Labor indicates that the fact that the IFR has not been vacated is an

impediment to it promulgating a new interim final rule. Doc. 102 at 3–4. The Department of Labor proposes to produce a new methodology only through a new final rule, a process it asserts would take an additional nine to twelve months. *Id.* at 2–3. This is in addition to the year that has passed since the IFR was issued in August 2025. In response, plaintiffs propose that a deadline of September 23, 2026 be set for the Department of Labor to issue an interim methodology, and assert that, if the continued existence of the IFR delays implementing a lawful methodology, the court should vacate the IFR. *Id.* at 6.

As the Order noted, "vacatur and remand is the default remedy under the APA." *Montana Wildlife Fed'n v. Haaland*, 127 F.4th 1, 50 (9th Cir. 2025); *see also Am. Public Gas Ass'n v. U.S. Dep't of Energy*, 72 F.4th 1324, 1342 (D.C. Cir. 2023) ("Vacatur is the normal remedy when a rule is found unlawful." (internal citation omitted)); *Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014) (same). While immediate vacatur is the default, the Ninth Circuit has recognized that "in 'limited circumstances'" a court may "remand a decision without vacatur while the agency corrects its errors." *Montana Wildlife Fed'n*, 127 F.4th at 50 (quoting *Pollinator Stewardship Council v. EPA*, 806 F.3d 520, 532 (9th Cir. 2015)). The Order did not immediately vacate the IFR, to avoid unnecessary disruption during a limited period while defendants put a new interim rule into place. Doc. 99 at 24–25, 28. The Order requires defendants to "promptly issue a new rule on remand," to "promptly produce a new methodology for calculating [AEWRs]," and "to promptly publish new AEWRs under that methodology." *Id.* at 25, 28.

The Department's proposed timeline does not constitute a prompt addressing of the IFR's deficiencies, and its proposed schedule would keep the unlawful IFR in place for two years following its 2025 enactment. The Order remanding the matter to the Department of Labor, without vacating the IFR immediately, anticipated that the Department of Labor would promptly produce a new interim methodology consistent with the Order, pending the issuance of a final rule. A further year-long delay in issuance of a new methodology is not warranted, particularly given the ongoing harm to plaintiffs and plaintiff United Farm Workers' members. To the extent the Department of Labor's position is based on its concern with having a new interim final rule

take effect before the IFR is vacated, that can be addressed through appropriate timing of the vacatur of the IFR.

The parties are directed to file a further joint status report by September 28, 2026, addressing the appropriate additional timeline for the Department of Labor to promptly issue a new interim methodology consistent with the Order, pending the ultimate issuance of a final rule, and whether the IFR should be vacated prior to or upon the issuance of such new interim methodology.

Counsel shall appear for a status conference on October 1, 2026, at 1:00 p.m.[1]

IT IS SO ORDERED.

Dated: September 17, 2026

UNITED STATES DISTRICT JUDGE

[1] Counsel shall contact the courtroom deputy at least 48 hours in advance of the hearing if they request to appear by videoconference rather than in person.