UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FARM WORKERS, et al.,<br>Plaintiffs,<br>v.<br>UNITED STATES DEPARTMENT OF LABOR, et al.,<br>Defendants. | No. 1:25-cv-01614-KES-EGC<br><br>**ORDER**<br><br>Doc. 104 |

The court's August 26, 2026 order ("Order"), found that the Department of Labor's interim final rule ("IFR") for calculating Adverse Effect Wage Rates ("AEWRs") for H-2A workers was both arbitrary and capricious and procedurally defective under the Administrative Procedure Act. Doc 99 at 10–23, 27–28. The court ordered defendants U.S. Department of Labor ("DOL"), Acting Secretary of Labor Keith Sonderling, and Acting Assistant Secretary for Employment and Training Lori Frazier Bearden "to promptly produce a new methodology for calculating [AEWRs] for H-2A workers that is consistent with [the] Order, and to promptly publish new AEWRs under that methodology." *Id.* at 28. The parties were directed to submit a joint status report by September 9, 2026, detailing defendants' initial steps towards producing the new methodology, defendants' anticipated timeline for issuing the new methodology, and the parties' proposed schedule for future status reports. *Id.*

In the initial joint status report filed September 9, 2026, defendants proposed producing a new methodology only through a new final rule, a process they asserted would take an additional nine to twelve months. Doc. 102 at 2–3.

In a further order issued September 17, 2026, the court noted that the Order remanding the matter to the Department of Labor ("Department"), without vacating the IFR immediately, anticipated that the Department would promptly produce a new interim methodology consistent with the Order, pending the issuance of a final rule. Doc. 103 at 2. The court found that a further year-long delay in issuance of a new methodology was not warranted. *Id.* The court directed the parties to file a further joint status report by September 28, 2026, addressing the appropriate timeline for the defendants to promptly issue a new interim methodology consistent with the Order, pending the ultimate issuance of a final rule, and the timing for vacating the IFR. *Id.* at 3. The court set a status conference for October 1, 2026. *Id.*

On September 28, 2026, the parties submitted a further joint status report. Doc. 104. Defendants noted that they would "make every effort to complete the development, drafting, and initial clearance of the" new interim final rule "within approximately three months of the October 1, 2026 status conference, and sooner if practicable." *Id.* at 3. Defendants also estimated that they might need "*up to* three additional months . . . to complete the statutorily prescribed H-2A consultation and approval process and applicable Office of Information and Regulatory Affairs . . . review, including any revisions necessary to complete those processes." *Id.* (emphasis in original). Plaintiffs argued that the court should require defendants "to produce an interim rule within three weeks . . . and then direct [defendants] to push that new rule through the review process over the subsequent four weeks." *Id.* at 6. Plaintiffs noted that the defendants have not explained why they cannot "quickly comply with several elements of the court's summary judgment order." *Id.*

As the Order noted, "vacatur and remand is the default remedy under the [Administrative Procedure Act]." *Montana Wildlife Fed'n v. Haaland*, 127 F.4th 1, 50 (9th Cir. 2025); *see also Am. Public Gas Ass'n v. United States Dep't of Energy*, 72 F.4th 1324, 1342 (D.C. Cir. 2023) ("Vacatur is the normal remedy when a rule is found unlawful." (internal citation omitted));

*Allina Health Servs. v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014) (same). The Ninth Circuit has recognized that "in 'limited circumstances'" a court may "remand a decision without vacatur while the agency corrects its errors." *Montana Wildlife Fed'n*, 127 F.4th at 50 (quoting *Pollinator Stewardship Council v. EPA*, 806 F.3d 520, 532 (9th Cir. 2015)). The court may also order an agency to promulgate an interim rule. *See Am. Fed'n of Gov't Emp., AFL-CIO v. Block*, 655 F.2d 1153, 1158 (D.C. Cir. 1981); *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 65 (2004).

The court held a status conference with the parties on October 1, 2026. Defendants have not shown why an additional six months, as they requested in the September 28 joint status report, would be required to generate a new interim final rule. At the status conference, defendants indicated they would endeavor to issue the interim final rule within four months. Five weeks have now passed since the August 26, 2026 Order found the IFR arbitrary and capricious and procedurally defective, and two weeks have passed since the court's September 17, 2026 order. *See* Docs. 99; 103. After the 2023 Final Rule was vacated on August 25, 2025, defendants were able to issue the current IFR on October 2, 2025—five and a half weeks later. Defendants have not shown why it would require over three times as long to issue a new interim final rule as it took to issue the current IFR.

Having considered the positions of the parties, and for the reasons set forth at the status conference and as discussed above, the court sets the following schedule:

1. Defendants shall issue a new interim final rule by December 30, 2026.
2. The IFR is vacated effective December 30, 2026.
3. The parties shall submit a joint status report on October 22, 2026, and every three weeks thereafter until the issuance of a new interim final rule.

IT IS SO ORDERED.

Dated: October 2, 2026

UNITED STATES DISTRICT JUDGE